**MING ZHU JIN, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Department of Homeland Security, Respondent.**

**No. 06–2136–ag.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Stuart Altman, New York, NY, for Petitioner.

Craig S. Morford, United States Attorney for the Middle District of Tennessee, Thomas M. Kent, Assistant United States Attorney, Nashville, TN, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

Petitioner Ming Zhu Jin, a native and citizen of China, seeks review of an April 17, 2006, order of the BIA affirming a November 9, 2004, decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Zhu Jin,* No. A97 740 870 (B.I.A. Apr. 17, 2006); *aff'g In re Ming Zhu Jin,* No. A97 740 870 (Immig. Ct. N.Y. City Nov. 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history.

In this case, the BIA affirmed the IJ's adverse credibility determination, but it did not agree with all of the adverse credibility factors. Accordingly, this Court reviews the IJ's adverse credibility finding as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Jin argues that the IJ violated his due process rights by failing to consider the evidence in the record and searching for ways to deny his claim. However, as explained below, Jin's arguments are meritless as the IJ's negative credibility determination is supported by substantial evidence. Jin also argues that the IJ denied him his right to counsel by continuing proceedings when his attorney was not in the room. *See generally* 8 U.S.C. § 1229a(b)(4)(A). Preliminarily, we observe that this argument appears not to have been raised before the BIA. However, Jin's claim fails because the record does not clearly demonstrate that Jin's attorney actually left the room, or if she did, that the IJ allowed proceedings to continue in her absence.

The IJ denied the merits of Jin's claims on adverse credibility grounds. A sufficient number of the IJ's specific credibility findings are clearly supported by the record that we can "confidently predict[ ]" that the IJ would have reached the same conclusion even absent a few findings that might be questioned. *See Xiao Ji Chen,* 434 F.3d at 162. For instance, there are plain record inconsistencies as to whether Jin was in hiding with his wife after the birth of their first child, and where his second child was born, facts that go to the heart of Jin's fear of persecution based on China's coercive family planning policy. *See Secaida–Rosales,* 331 F.3d at 309.

Because the only evidence of a threat to Jin's life or freedom, relating to his family planning claim, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Other than his family planning claim, Jin has failed to present any other reasons as to why the government would seek to torture him upon return. Therefore, since Jin's CAT claim relied on the same facts as his asylum claim, the adverse credibility determi-

nation in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d at 523. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir. 2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding in the asylum context, where the CAT claim did not turn upon credibility).

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.